IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| United States of America, | Criminal No. 5:01-84-03-CMC |
|---|---|
| vs. | |
| Darron Owens, | **OPINION AND ORDER** |
| Defendant. | |

This case comes before the court on Defendant's *pro se* Motion and counsel's Supplemental Motion for Relief Under First Step Act of 2018. ECF Nos. 398, 406. The United States Probation Office filed a Sentence Reduction Report indicating Defendant does not qualify for relief under the Act. ECF No. 401. The Government filed a Response in Opposition. ECF No. 407.

**BACKGROUND**

Defendant, along with four others, was charged in a Superseding Indictment (ECF No. 49) with conspiracy to possess with intent to distribute 50 grams or more of cocaine base and five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A) (Count 1), and felon in possession of a firearm (Count 7). Following a jury trial, Defendant was found guilty as charged. A special verdict form clearly showed Defendant was found guilty as to conspiracy to possess with intent to distribute both five kilograms or more of cocaine **and** conspiracy to possess with intent to distribute 50 grams or more of cocaine base.[1] As a result, Defendant faced a mandatory minimum term of ten years to Life imprisonment on Count 1 and 10

---

[1] See Transcript of return of verdict, attached.

years on Count 7. Defendant was sentenced to Life imprisonment, primarily as a result of the mandatory guideline range of Life based on a murder cross reference. ECF Nos. 196, 199.

Defense counsel cites a number of cases he contends support eligibility for relief under the First Step Act. Two of the cases do find eligibility. *United States v. Medina*, No. 3:05-cr-58, 2019 WL 3769598, at *2-4 (D. Conn. July 17, 2019); *United States v. Opher*, Crim. No. 00-323, 2019 WL 3297201, at *11-13 (D.N.J. July 23, 2019).

This court disagrees with those decisions. Moreover, the Fourth Circuit has affirmed this court's decisions on this issue in two unpublished opinions by six judges of the Fourth Circuit. *See* n.4, *infra*. Because there appears to be a split of authority, however, further explanation is provided.

**ANALYSIS**

Under the First Step Act, the court may impose a reduced sentence only if it previously imposed a sentence for a "covered offense" – *i.e.*, a "violation of a federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, . . . that was committed before August 3, 2010." Because sections 2 and 3 of the Fair Sentencing Act have no effect on the statutory penalty for Defendant's offense of conspiring to possess with intent to distribute both five kilograms or more of cocaine and 50 grams or more of cocaine base, a violation of 21 U.S.C. § 846, Count 1 is not a covered offense eligible for First Step Act relief. Section 2 of the Fair Sentencing Act amended the threshold cocaine base amounts triggering §§841(b)(1)(A) and (B)'s penalties, amending § 841(b)(1)(A)(iii) "by striking '50 grams' and inserting '280 grams,'" and amending § 841(b)(1)(B)(iii) "by striking '5 grams' and inserting '28

2

grams.'"' Fair Sentencing Act, § 2, Pub. L. No. 111-220, 124 Stat. 2372.  Section 3 of the Fair Sentencing Act eliminated the mandatory minimum sentence for simple possession.  Fair Sentencing Act, § 3, Pub. L. No. 111-220, 124 Stat. 2372.  Neither section altered the statutory penalties for offenses involving powder cocaine.

Both before and after the effective date of sections 2 and 3 of the Fair Sentencing Act, the statutory penalty for Defendant's offense of conviction in Count 1 is ten years to Life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A).  Regardless of whether Defendant's cocaine base amount no longer triggers his original statutory penalty range, five kilograms or more of powder cocaine does.[2] The statutory penalty for conspiracy to possess with intent to distribute five kilograms or more of cocaine remains ten years to Life imprisonment.

Congress, in enacting § 404 of the First Step Act in 2018, was concerned about a particular class of defendants – those whose statutory penalties for cocaine base would have been lower but for the fortuity they were sentenced before August 3, 2010, and therefore could not take advantage of the Fair Sentencing Act.  *See Dorsey v. United States*, 567 U.S. 260, 264 (2012) (concluding the Fair Sentencing Act's more lenient penalty provisions apply to defendants sentenced after August 3, 2010, whether or not their crimes were committed before that date).  Defendants sentenced today for the same offense Defendant committed face the same statutory penalty range

---

[2] The Fair Sentencing Act could have retroactively decriminalized cocaine base but even that would have had no effect on Defendant's statutory penalty.

3

Defendant faced. Granting Defendant a sentence unavailable to defendants charged and sentenced today would turn the First Step Act's goal on its head.

The court denies Defendant's motion. The record reflects Defendant was found guilty by special verdict of conspiracy to possess with intent to distribute 50 grams or more of cocaine base <u>and</u> conspiracy to possess with intent to distribute five kilograms or more of cocaine.[3] His statutory penalty was not therefore controlled by his conviction for conspiracy involving 50 grams or more of cocaine base. Because he was also found guilty of conspiracy to possess with intent to distribute five kilograms or more of cocaine, his statutory penalty range was 10 years to Life, independent of the penalty applicable to conspiracy to possess with intent to distribute cocaine base.[4]

---

[3] Had there been a general verdict, Defendant would potentially have a stronger argument for First Step Act eligibility. *See United States v. Rhynes*, 196 F.3d 207, 238 (4th Cir. 1999), *vacated in part on other grounds on reh'g en banc*, 218 F.3d 310 (4th Cir. 2000) (when a jury returns a general verdict in a multiple drug conspiracy, a defendant "may be sentenced only up to the maximum for the least-punished drug offense on which that conspiracy charge is based."); *see also United States v. Mackins*, 315 F.3d 399 (4th Cir. 2003) (applying *Rhynes* but denying relief on plain error review).

[4] *United States v. Juan Mendoza*, __ F. App'x __, 2019 WL 4051965, at *1, (4th Cir. Aug. 28, 2019) (affirming district court's denial of First Step Act motion where defendant pled guilty to conspiracy to distribute five kilograms or more of cocaine, 50 grams or more of cocaine base, and a quantity of marijuana), *aff'g* 2019 WL 1593998 (D.S.C. Apr. 15, 2019); *United States v. Westbrook*, __ F. App'x __, 2019 WL 3991466, at *1 (4th Cir. Aug. 23, 2019) (affirming district court's denial of First Step Act motion where defendant pled guilty to conspiracy with intent to distribute five kilograms or more of cocaine and 50 grams or more of cocaine base), *aff'g* 2019 WL 1542571 (D.S.C. April 9, 2019); *United States v. Spencer*, Cr. No. 07-174, 2019 WL 3369794, at *2 (D. Minn. July 26, 2019) ("Because the statutory penalties for Spencer's powder cocaine offenses in Counts 1 and 4 were not modified by the Fair Sentencing Act, the offenses are not "covered offenses" under the First Step Act."); *United States v. Smith*, No. 8:02-cr-448, 2019 WL 2330482, at *1 (M.D. Fla. May 31, 2019); *United States v. Jones*, Cr. No. 94-0067, 2019 WL

4

The intent of the First Step Act's cocaine base penalty changes was to provide Fair Sentencing Act relief to those whose statutory range was driven by cocaine base disparities before the passage of the Fair Sentencing Act. Persons whose statutory ranges were not affected by such disparities are not eligible for relief. That is what happened here.

Accordingly, for reasons set forth above, Defendant's Motions for Relief Under First Step Act (ECF Nos. 398, 406) are denied.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
September 18, 2019

---

1560879, at *2 S.D. Ala. April 9, 2019). *But see United States v. Medina*, No. 3:05-cv-58, 2019 WL 3766392, at * 2 (D. Conn. Aug. 8, 2019); *United States v. Opher*, Crim. No. 00-323, 2019 WL 3297201, at *11-13 (D.N.J. July 23, 2019).